JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>MARCO A. PEREZ (aka MARC PEREZ), PEDRO PEREZ, JR. (aka PETER PEREZ), and OLIVIA PEREZ DURBIN,<br><br>  Defendants. | Case No. 2:23-cv-08079<br><br>**JUDGMENT AS TO MARCO A. PEREZ** |

The Securities and Exchange Commission having filed a Complaint and Defendant Marco A. Perez having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 14(e) of the

Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

    (a)    purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

    (b)    communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

        (i)    to the officers, directors, partners or employees of the offering

        person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

    (ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

    (iii)    to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five years following the date of entry of this Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from

1  April 23, 2021 to July 31, 2023, based on the rate of interest used by the Internal
2  Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C.
3  § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or
4  civil penalties, and at any hearing held on such a motion:  (a) Defendant will be
5  precluded from arguing that he did not violate the federal securities laws as alleged in
6  the Complaint; (b) Defendant may not challenge the validity of the Consent or this
7  Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint
8  shall be accepted as and deemed true by the Court; and (d) the Court may determine
9  the issues raised in the motion on the basis of affidavits, declarations, excerpts of
10 sworn deposition or investigative testimony, and documentary evidence, without
11 regard to the standards for summary judgment contained in Rule 56(c) of the Federal
12 Rules of Civil Procedure.  In connection with the Commission's motion for
13 disgorgement and/or civil penalties, the parties may take discovery, including
14 discovery from appropriate non-parties.

V.

16     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
17 Consent is incorporated herein with the same force and effect as if fully set forth
18 herein, and that Defendant shall comply with all of the undertakings and agreements
19 set forth therein.

VI.

21     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for
22 purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy
23 Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by
24 Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty
25 or other amounts due by Defendant under this Judgment or any other judgment,
26 order, consent order, decree or settlement agreement entered in connection with this
27 proceeding, is a debt for the violation by Defendant of the federal securities laws or
28 any regulation or order issued under such laws, as set forth in Section 23(a)(19) of the

Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: October 11, 2023

_____
HON. JOSEPHINE STATON
UNITED STATES DISTRICT JUDGE